UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HUNTER BAILEY HOHN,

    Plaintiff,

v.                                             Case No. 24-cv-0851-scd

BRADLEY LEWIN et al.,

    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Hunter Hohn, who is serving a state prison sentence at Waupun Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated. Hohn is proceeding on an Eighth Amendment claim against Defendants based on allegations that they ignored his threats of self-harm. This matter comes before the Court on Defendants' motion for summary judgment. Dkt. No. 27. For the reasons explained below, the motion will be granted and the case dismissed.

## BACKGROUND

At the relevant time, Hohn was incarcerated at Waupun Correctional Institution, where Defendants worked as corrections staff. On April 1, 2024, at about 1:40 a.m., Nurse Jenna Hiland (who is not a Defendant) was called by security staff to see Hohn for a reported self-harm cut to his inner arm. Hohn's cut was about a centimeter long and, according to Hohn, was not actively bleeding but was still periodically oozing blood. Nurse Hiland cleaned the cut and applied two steri-strips and a band-aid. Dkt. Nos. 29, 34 at ¶¶1-6; Dkt. No. 30-1 at 3.

Later that morning, at about 10:55 a.m., Nurse Kataryna Krainyk (who is not a Defendant) saw Hohn in response to an officer's report that he had a self-harm cut. Nurse Krainyk estimated that the cut was half a centimeter long and wide with a small amount of blood. Hohn asserts that he informed Nurse Krainyk that this was the same cut that had been treated earlier by Nurse Hiland and that the steri-strips had come off. Nurse Krainyk glued the cut and noted that no further care was necessary. Medical records indicate that as of April 5, 2025, the wound was completely healed. Dkt. Nos. 29, 34 at ¶¶7-9; Dkt. No. 30-1 at 2.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Seventh Circuit has repeatedly "recognized a jail or prison official's failure to protect an inmate from self-harm as one way of establishing deliberate indifference to a serious medical need." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 349 (7th Cir. 2018). To prevail on such a claim, a plaintiff must provide evidence showing that defendants (1) were aware of an objectively serious risk of harm to the plaintiff; and (2) knowingly or recklessly disregarded it. *Szopinski v. Koontz*, 832 F. App'x 449, 451 (7th Cir. 2020) (citations omitted). In addition, a plaintiff suing for damages under §1983 must also develop "evidence of a recoverable injury." *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). This is because a plaintiff must "establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages." *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011).

Defendants argue that they are entitled to summary judgment based on Hohn's failure to develop evidence of a recoverable injury. Hohn does not dispute that the only injury he inflicted on himself was a cut that was about a centimeter long. Although he asserts that the cut initially bled, he does not dispute that all active bleeding had stopped by the time a nurse saw him a few hours later. He also does not dispute that the laceration was first treated with steri-strips and a band-aid and, hours later, was closed with glue. No further treatment was necessary, and medical records indicate that the cut fully healed within a few days.

Based on the foregoing, no jury could reasonably conclude that Hohn experienced a cognizable harm as defined by the Seventh Circuit. His physical injury consisted of a minor cut that was quickly and easily treated and that fully healed within a few days. "By any measure, the injuries were trivial . . . ." *Lord*, 952 F.3d at 905. Hohn's summary judgment materials "show that he want[s] to recover money damages solely for the risk to his life—a serious medical need—

3

the defendant officers ignored by not immediately responding to his suicide threat, [but] [t]hat risk is not compensable without evidence of injury." *Id.*; *Roe*, 631 F.3d at 864. Defendants are therefore entitled to summary judgment. *See also Whitaker v. Dempsey*, 144 F.4th 908, 926 (7th Cir. 2025) ("Whitaker's threat to injure himself on August 16th produced at worst a superficial wound that required little medical attention.")

## CONCLUSION

For these reasons, Thomsen's motion for summary judgment (Dkt. No. 27) is **GRANTED** and this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Signed at Milwaukee, Wisconsin this 9th day of October, 2025.

_____
Stephen C. Dries
United States Magistrate Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.